Matthew J. Moore
moorem@howrey.com
Pamela S. Kane
kanep@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone 202.783.0800
Facsimile 202.383.6610

Liaison Counsel for Defendants

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Katz Interactive Call Processing Patent Litigation<br><br>This document relates to:<br><br>ALL "B" TRACK ACTIONS<br>(except CV 07-02254 RGK (FFMx))<br><br>Case Nos. CV 07-2096 RGK (FFMx), CV 07-2099 RGK (FFMx), CV 07-2101 RGK (FFMx), CV 07-2134 RGK (FFMx), CV 07-2192 RGK (FFMx), CV 07-2196 RGK (FEMx), CV-07-2213 RGK (FFMx), CV 07-2220 RGK (FFMx), CV 07-2250 RGK (FFMx), CV 07-2257 RGK (FFMx), CV 07-2299 RGK (FFMx), CV 07-2322 RGK (FFMx), CV 07-2325 RGK (FFMx), CV 07-2336 RGK (FFMx), CV 07-2339 RGK (FFMx), CV 07-2340 RGK (FFMx), CV 07-2360 RGK (FFMx), CV 07-3002 RGK (FFMx) | Case No. CV 2:07-ML-01816-B-RGK (FFMx)<br><br>**INTERACTIVE CALL PROCESSING DEFENDANTS'** *EX PARTE* **APPLICATION FOR RELIEF FROM PAGE LIMITS AND FILING PROCEDURES FOR COMMON SUMMARY JUDGMENT MOTIONS AND MEMORANDUM OF POINTS AND AUTHORITY**<br><br>Judge:     Hon R. Gary Klausner |

HOWREY LLP

DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM PAGE LIMITS AND FILING PROCEDURES FOR COMMON SUMMARY JUDGMENTS AND MEMORANDUM OF POINTS AND AUTHORITY
DM_US:21053570_1

CV 2:07-ML-01816-B-RGK-(FFMx)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Interactive Call Processing Defendants ("ICP Defendants") will, and hereby do, apply for entry of the accompanying [Proposed] Order Re For Relief From Page Limits And Filing Procedures For Common Summary Judgment Motions.

On August 14, 2007, this Court granted the ICP Defendants the right to file common summary judgment motions on, *inter alia*, prior art invalidity and section 112 invalidity. *See* August 14, 2007 Order at 2. Specifically, this Court granted the ICP Defendants the right to file one common summary judgment motion on prior art invalidity, one section 112 invalidity common summary judgment motion on the 20 claims identified for the *Markman* Hearing, and one section 112 invalidity common summary judgment motion on the remaining claims. *See* id. The Court ordered these motions are to be filed no later than March 15, 2008. *See* id. Because this Court's August 14, 2007 Order did not set forth any specific page lengths for these motions, pursuant to this Court's Standing Order Regarding Newly Assigned Cases, the memoranda of points and authority in support of these common summary judgment motions shall not exceed 20 pages in length. In addition, pursuant to Local Rule 11-4.1 and this Court's electronic filing procedures, the ICP Defendants are required to file its common summary judgment motions electronically in the MDL case and in each of the individual pending cases and to serve on the Court a conformed copy of such common motions for both the MDL case and each of the individual pending cases.

Accordingly, the ICP Defendants' *ex parte* application seeks relief regarding the following three administrative matters relating to the ICP Defendants' common summary judgment motions:

First, the ICP Defendants seek leave to file a memorandum of points and authorities in excess of the 20 page limit in support of their one common summary judgment motion on prior art invalidity. The ICP Defendants are prepared to address

HOWREY LLP

DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM PAGE LIMITS AND FILING PROCEDURES FOR COMMON SUMMARY JUDGMENTS AND MEMORANDUM OF POINTS AND AUTHORITY
DM_US:21053570_1

CV 2:07-ML-01816-B-RGK-(FFMx)

common prior art invalidity arguments related to the 64 total claims asserted against all all ICP Defendants that RAKTL was Ordered to identify on February 22, 2008 (the "64 Common Claims").  This will require analysis of at least 20 distinct pieces of prior art, and multiple combinations thereof.  The current 20-page limitation makes it difficult for the ICP Defendants' ability to adequately address their common prior art invalidity arguments for the Court.  Thus, the ICP Defendants respectfully request leave to file a memorandum of points and authorities in support of their common summary judgment motion on prior art invalidity not to exceed 50 pages.

Second, as discussed above, this Court initially granted the ICP Defendants the right to file a section 112 invalidity common summary judgment motion on the 20 claims identified for the *Markman* Hearing and a second section 112 invalidity common summary judgment motion on the remaining claims.  This Court subsequently required RAKTL to the 64 Common Claims asserted against the Interactive Call Processing Defendants.  *See* August 31, 2007 Order [Doc. 221] at 5.  Defendants suggest to the Court that a single section 112 invalidity common summary judgment addressing only the claims RAKTL included in the 64 Common Claims will allow this Court to more efficiently and expeditiously resolve issues that affect all ICP Defendants.  Accordingly, the ICP Defendants seek leave to file a single common summary judgment motion on section 112 invalidity focused on claims RAKTL included in the 64 Common Claims. If this Court permits this consolidation, Defendants respectfully request leave to file a memorandum of points and authorities in support of in support of this single section 112 invalidity common summary judgment not to exceed 35 pages – less than the ICP Defendants would otherwise have been allowed with two section 112 motions.

Third, the practice in this MDL action requires the ICP Defendants to file their common summary judgment motions electronically in the MDL case and in each of the individual pending cases and to serve on the Court a conformed copy of such common motions for both the MDL case and each of the individual pending cases.  The parties have experienced substantial delays in the electronic filing process – with some filings

HOWREY LLP

DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM PAGE LIMITS AND FILING PROCEDURES FOR COMMON SUMMARY JUDGMENTS AND MEMORANDUM OF POINTS AND AUTHORITY
DM_US:21053570_1
-2-
CV 2:07-ML-01816-B-RGK-(FFMx)

taking several hours to complete. In light of these difficulties, and due to the length of each of the common summary judgment filings with an extensive number of lengthy exhibits, the ICP Defendants seek relief from meeting the requirements of Local Rule 11-4.1 and this Court's electronic filing procedures for the common summary judgment motions.

The ICP Defendants request this Court modify the filing procedures as follows for the common summary judgment briefing: on or before March 15, 2008, the ICP Defendants shall file in the MDL case only an electronic version of each of the common summary judgment motions and will hand deliver within 24 hours a single conformed copy of this filing to the Court. The ICP Defendants shall have until March 22, 2008 to file an electronic version of each of the common summary judgment motions in each of the individual pending cases and to serve on the Court the conformed copies of each of these motions for each of the individual pending cases.

The ICP Defendants seek relief on an *ex parte* basis because the ICP Defendants' common summary judgment briefs must be filed no later than March 15, 2008. With this deadline fast approaching, the ICP Defendants have an interest in an expeditious resolution of the pagination requirements as well the number of motions it will be permitted to prepare. If briefed on full notice, this motion would not be heard prior to the filing deadline. An *ex parte* hearing on this application will therefore eliminate the prejudice that the ICP Defendants will suffer if the motion is heard on full notice.

Prior to filing this *ex parte* application, Liaison Counsel for Defendants notified plaintiff's counsel by email of its intent to file this *ex parte* application. Plaintiff's counsel opposed any extension of the page limits for the ICP Defendants' common summary judgment motions but agreed with the proposed modifications to the filing requirements if the Court allows plaintiff to proceed in a similar manner in filing its opposition briefs.

The ICP Defendants accordingly respectfully request the Court consider its application seeking (1) leave to file a memorandum of points and authorities in support

HOWREY LLP

DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM PAGE LIMITS AND FILING PROCEDURES FOR COMMON SUMMARY JUDGMENTS AND MEMORANDUM OF POINTS AND AUTHORITY
DM_US:21053570_1   -3-   CV 2:07-ML-01816-B-RGK-(FFMx)

of in support of their common summary judgment motion on prior art invalidity not to exceed 50 pages; (2) leave to file a single common summary judgment motion on § 112 invalidity on those claims included in RAKTL's 64 Common Claims with a supporting memorandum of points and authorities in support of this motion not to exceed 35 pages; and (3) relief from the Court's filing procedures requiring the ICP Defendants required to file on March 15, 2008 each of the common summary judgment motions electronically in the MDL case and each of the individual pending cases and to serve on the Court a conformed copy of each of the common summary judgment motions for the MDL case and each of the individual pending cases.

Date:  February 29, 2008          HOWREY LLP


                                  By: <u>Pamela S. Kane /s/</u>
                                  Matthew J. Moore
                                  Pamela S. Kane
                                  Liaison Counsel for Defendants

HOWREY LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INTERACTIVE CALL PROCESSING DEFENDANTS' EX PARTE APPLICATION FOR RELIEF FROM THE PAGE LIMITS AND FILING PROCEDURES FOR COMMON SUMMARY JUDGMENT.**

On August 14, 2007, this Court granted the Interactive Call Processing Defendants (the "ICP Defendants") leave to file common summary judgment motions on the issues of prior art invalidity, section 112 invalidity as to the claims identified for the *Markman* Hearing, and section 112 invalidity as to the remaining claims, and leave to file one individual summary judgment motion per ICP Defendant Group. *See* August 14, 2007 Order at 2. Because this Order did not address the page limits for these common summary judgment motions, this Court's Standing Order provides that memoranda of points and authority in support of these motions may not exceed 20 pages.

## I. THIS COURT SHOULD GRANT THE ICP DEFENDANTS' REQUEST FOR ADDITIONAL PAGES FOR THEIR COMMON SUMMARY JUDGMENT BRIEFS ON PRIOR ART AND SECTION 112 INVALIDITY

In their *ex parte* application, the ICP Defendants first seek leave to file a memorandum of points and authorities in excess of 20 pages in support of their one common summary judgment motion on prior art invalidity. Specifically, in this motion, the ICP Defendants are prepared to address at least 20 distinct pieces of prior art, and multiple combinations thereof, relevant to 64 interactive call processing claims that RAKTL identified against all ICP Defendants on February 22, 2008 (the "64 Common Claims"). For the ICP Defendants to adequately address each of their prior art invalidity arguments for this Court, the ICP Defendants respectfully request leave to file a memorandum of points and authorities in support of their common summary judgment motion on prior art invalidity not to exceed 50 pages.

The ICP Defendants also seek leave to exceed the 20-page limit concerning their section 112 invalidity common summary judgment arguments. The ICP Defendants first seek leave to consolidate the two section 112 motions allowed by this Court – one

section 112 invalidity common summary judgment motion on the 20 claims identified for the *Markman* Hearing, and one section 112 invalidity common summary judgment motion on the remaining claims – into a single motion addressing only the 64 Common Claims asserted against all ICP Defendants. The ICP Defendants suggest that a single section 112 invalidity common summary judgment directed to claims from these 64 Common Claims will better allow this Court to resolve efficiently and expeditiously the common invalidity issues in the case. If this Court permits this consolidation, the ICP Defendants respectfully request leave to file a memorandum of points and authorities in support of in support of this single section 112 invalidity common summary judgment not to exceed 35 pages – less than the ICP Defendants would otherwise have been allowed with two section 112 motions.

## II. THIS COURT SHOULD GRANT THE ICP DEFENDANTS' REQUEST FOR RELIEF FROM THE COURT'S FILING PROCEDURES FOR THE COMMON SUMMARY JUDGMENT BRIEFS

Pursuant to Local Rule 11-4.1 and this Court's electronic filing procedures, the ICP Defendants are required to file their common summary judgment motions electronically in the MDL case and in each of the individual pending cases and to serve on the Court a conformed copy of such common motions for both the MDL case and each of the individual pending cases. Due to the potential volume of these common summary judgment filings and the difficulties the parties have experienced in filing documents on the electronic system – with some filings taking several hours to complete electronically – the ICP Defendants seek relief from meeting the requirements of Local Rule 11-4.1 and this Court's electronic filing procedures for their common summary judgment motions.

The ICP Defendants request this Court modify the filing procedures as follows for the common summary judgment briefing: on or before March 15, 2008, the ICP Defendants shall file in the MDL case only an electronic version of each of the common summary judgment motions and will hand deliver within 24 hours a single conformed

HOWREY LLP

DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM PAGE LIMITS AND FILING PROCEDURES FOR COMMON SUMMARY JUDGMENTS AND MEMORANDUM OF POINTS AND AUTHORITY
DM_US:21053570_1      -2-      CV 2:07-ML-01816-B-RGK-(FFMx)

copy of this filing to the Court. The ICP Defendants shall have until March 22, 2008 to file an electronic version of each of the common summary judgment motions in the individual pending cases and to serve on the Court the conformed copies of each of these motions for each of the individual pending cases.

Plaintiff's counsel agreed with the proposed modifications to the filing requirements if the Court allows plaintiff to proceed in a similar manner in filing its opposition briefs.

## III. CONCLUSION

For the foregoing reasons, the ICP Defendants respectfully request that the Court grant the ICP Defendants: (1) leave to file a memorandum of points and authorities in support of their common summary judgment motion on prior art invalidity not to exceed 50 pages; (2) leave to file a single, consolidated common summary judgment motion on section 112 invalidity directed to the 64 Common Claims, with a supporting memorandum of points and authorities not to exceed 35 pages; and (3) relief from this Court's filing procedures for the common summary judgment briefing.

Date: February 29, 2008

Respectfully submitted,

Pamela S. Kane /s/
Matthew J. Moore
Pamela S. Kane
**HOWREY LLP**
1299 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  202-783-0800
Facsimile:  202-383-6610
Email:  moorem@howrey.com
        kanep@howrey.com

Liaison Counsel